**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Kelvin L. James,<br><br>                    Plaintiff,<br><br>vs.<br><br>Las Vegas Metropolitan Department, *et al.*,<br><br>                    Defendants. | Case No. 2:25-cv-02630-GMN-MDC<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF NO. 3), DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE (ECF NO. 1-1), AND DENYING PLAINTIFF'S MOTIONS TO COMPEL (ECF NO. 7) AND FOR APPOINTMENT OF COUNSEL (ECF NO. 8)** |

Pending before the Court is *pro se* prisoner plaintiff Kelvin L. James' *Application to Proceed In Forma Pauperis* ("IFP") (ECF No. 3). The Court **GRANTS** plaintiff's IFP application and dismisses plaintiff's Complaint (ECF No. 1-1). The Court also **DENIES** plaintiff's *Motion to Compel* ("Compel Motion") (ECF No. 7) as moot, and **DENIES** his *Motion for Appointment of Counsel* ("Appoint Motion") (ECF No. 8) without prejudice. The Court's reasoning is as follows.

**DISCUSSION**

**I.     WHETHER PLAINTIFF CAN PROCEED IFP**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." If the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), he remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under the PLRA, a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period

immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

Plaintiff is incarcerated and the Court finds that plaintiff has provided sufficient information in his IFP application to grant it. Plaintiff submitted the prisoner IFP application, and a financial acknowledgment. *ECF No. 3*. Plaintiff further represents that he has "$324.33" in inmate savings and "$0.03" in his inmate primary account. *ECF No. 3* at 2. Following the Court's 01/08/2026 Order (ECF No. 4), a financial certificate was also filed that included plaintiff's certified trust fund account statement. *ECF No. 5*. According to plaintiff's financial certificate, his average monthly account balance is $530.16 and average monthly deposits is $384.26. Per Section 1915(b)(1)(B), plaintiff's filing fee will be 20% of his $530.16 average account monthly balance because that is the greater than his average monthly deposits. Thus, plaintiff's initial filing fee is $106.03. *See id*. Plaintiff will be charged an initial filing fee of $106.03 for this action. The entire $405 filing fee will remain due from plaintiff, and the institution where plaintiff is incarcerated will collect money toward the payment of the full filing fee when plaintiff's institutional account has a sufficient balance, pursuant to 28 U.S.C. §1915. The Court now proceeds with screening his Complaint.

//

//

//

2

## II.   COMPLAINT

### A.   Legal Standard

Upon granting a request to proceed in forma pauperis, the Court must screen the operative complaint pursuant to 28 U.S.C. § 1915(e). The Court will review a complaint to determine whether it is frivolous, malicious, fails to state a claim in which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Federal Rules of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirement, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Dismissal for failure to state a claim under § 1915 incorporates the same standard for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckley v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"A document filed pro se is "to be liberally construed" and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations omitted)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that deficiencies could not be cured through amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). At issue is whether plaintiff's Complaint states a plausible claim for relief.

//

**B.        Plaintiff Does Not State A Plausible Claim For Relief At This Time**

Plaintiff brings suit under 42 U.S.C. § 1983. *ECF No. 1-1*. Plaintiff alleges a Fourth Amendment unreasonable seizure claim because defendant Micheal Wildemann ("Wildemann") allegedly arrested him "without [his] state of Texas identification card and [he] [is] currently incarcerated without it[.]" *Id.* at 3. Liberally construing his Complaint, plaintiff thus seems to claim that defendants taking and keeping his identification card is an unconstitutional seizure (or search) under the Fourth Amendment. *See ECF No. 1-1*. However, plaintiff otherwise makes no allegation that his underlying arrest was in some way unlawful (i.e. not being justified by probable cause, an excessive force claim, etc). The Fourth Amendment allows police to take routine administrative steps incident to arrest. *Maryland v. King*, 569 U.S. 435, 461 (2013). Plaintiff does not allege or provide any supporting authority or facts that taking his identification card is beyond what police are entitled to do incident to arrest. He also does not allege that defendants have done anything to the card other than keep it stored away and potentially made available to him if released. While the Court will liberally construe plaintiff's Complaint, it is not required to "conjure allegations on behalf of pro se filers." *Coney v. Lozo*, No. 2:23-cv-01645-CDS-EJY, 2024 WL 2271553, at *2 (D. Nev. May, 20, 2024). Plaintiff must allege sufficient facts to plausibly make out a Fourth Amendment claim. He has failed to do so at this time.

Furthermore, to the extent that plaintiff is seeking to sue defendant Las Vegas Metro Police Department ("Las Vegas Metro") for the actions of Wildemann, he cannot sue it for the actions of its employees. A municipality may be liable under § 1983 only if the municipality itself caused the violation at issue. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978)). To state a claim against Las Vegas Metro, plaintiff must thus allege that his alleged constitutional deprivation was caused by a "policy or custom" attributable to Las Vegas Metro. *Moore v. Metro Police Dep't*, No. 2:24-cv-01684-JAD-BNW, 2025 WL 1368634, at *2 (D. Nev. April 3, 2025), report and recommendation adopted sub nom. *Moore v.*

*METRO Police Dep't*, No. 2:24-cv-01684-JAD-BNW, 2025 WL 1233224 (D. Nev. April 28, 2025). "[Existence of a policy] may be inferred from widespread practices or '"evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded."'" *Moore*, 2025 WL 1368634, at *2 (citing *Gillette v. Delmore*, 979 F.2d 1342, 1349 (9th Cir.1992)). Here, plaintiff does not allege facts that show he suffered a deprivation of rights attributable to Las Vegas Metro's widespread practices that violate the Constitution or lack of action to prevent its employees from repeatedly violating the Constitution.

### C.    Leave to Amend

The Court will give plaintiff another opportunity to establish a plausible claim for relief. Plaintiff is cautioned that "when a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). An amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1(a). In other words, the amended complaint is an entirely new document that completely sets forth the facts and claims for relief.  Plaintiff has until **May 1, 2026,** to file an amended complaint addressing the issues addressed above. The plaintiff is cautioned that failure to establish a plausible claim in that amended complaint may result in a recommendation of dismissal without leave to further amend his complaint.

### III.    COMPEL MOTION

Plaintiff also filed the Compel Motion requesting for this Court to find Las Vegas Metro in contempt because it has not followed the Court's Order granting his *Motion for Default Judgment*. *ECF No. 7*. However, this Court has not granted or otherwise ruled on his *Motion for Default Judgment*, nor issued any orders to Las Vegas Metro. As noted in this Screening Order, plaintiff's complaint has not been accepted and moved past the screening stage, which would allow defendant to serve the complaint

5

and pursue his lawsuit. Furthermore, because his Complaint is being dismissed with leave to amend, the Compel Motion is moot. Therefore, the Court denies the Compel Motion as moot.

## IV.    APPOINT MOTION

Plaintiff also filed the Appoint Motion requesting for this Court to assign him counsel for this case. However, plaintiff has not established that exceptional circumstances exist to warrant appointment of counsel in his civil case.

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). While federal courts are empowered to request an attorney to represent an indigent civil litigant under 28 U.S.C. § 1915(e)(1), the court can only grant such requests under extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of such exceptional circumstances requires that the court evaluate both the likelihood of plaintiff's success on the merits and the pro se litigant's ability to articulate his claims in light of the complexity of the legal issues involved. A court may find that "exceptional circumstances" exist if a claim is either factually or legally complex. *See, e.g., McElyea v. Babbitt*, 833 F.2d 196, 200 n.3 (9th Cir. 1987) (per curiam) (suggesting that a plaintiff's claim concerning the provision of religious books in prison raises "complicated constitutional issues"). Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015. 1017 (9th Cir. 1991), citing *Wilborn*, 789 F.2d at 1331.

In support of his request, plaintiff cites to the 18 U.S.C. § 3006A and states that the issues in his case are complex. *See ECF No. 8* at 1-2. However, 18 U.S.C. § 3006A is not the correct standard. Despite plaintiff's current circumstances as an incarcerated, he is bringing a civil suit against defendants. As stated above, a civil litigant does not have a right to counsel. Thus, the Sixth Amendment right to counsel is inapplicable to him.

Plaintiff also does not explain why the issues in this case are complex and does not demonstrate extraordinary circumstances sufficient to grant the Appoint Motion. *See Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990) (finding that difficulties that are common in all litigants proceeding pro se does not qualify as exceptional circumstances); *see also Boyd v. Henry*, No. 2:23-cv-01022-CDS-MDC, 2024 WL 4046456, at *5 (D. Nev. May 9, 2024) ("An inability to retain an attorney, along with the claims that the case is complex and he does not have access to legal search engines, are not sufficient to warrant the appointment of counsel."). He also makes no showing that he is likely to succeed on the merits and he has yet to pass the screening stage for this case. In evaluating the likelihood of plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved, the Court finds that plaintiff has failed to establish that exceptional circumstances exist at this time. Therefore, plaintiff's request for appointment for counsel in his case is denied without prejudice.

**V.    CONCLUSION**

The Court grants plaintiff's IFP application. The Court dismisses without prejudice plaintiff's Complaint and gives him an opportunity to file an amended complaint addressing the deficiencies noted in this Order. Plaintiff's Compel Motion is also denied as moot and his Appoint Motion is denied without prejudice.

ACCORDINGLY,

**IT IS ORDERED that:**

1.  Plaintiff's *Motion/Application to Proceed In Forma Pauperis* (ECF No. 1) is **GRANTED**.

    a.  Plaintiff has until **Friday, March 20, 2026** to pay an initial partial filing fee in the amount of $106.03 (toward the full $405 filing fee).

   b.   Pursuant to 28 U.S.C. § 1915, High Desert State Prison must forward payments from the account of Kelvin L. James (1165419) to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $405 filing fee has been paid for this action.

2.   Plaintiff's Complaint (ECF No. 1-1) is **DISMISSED WITHOUT PREJUDICE**.

3.   Plaintiff has until **Friday, May 1, 2026,** to file an amended complaint addressing the issue addressed above. Failure to timely file an amended complaint addressing the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

4.   If Plaintiff files an amended complaint, the Clerk of Court is directed NOT to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.

5.   Plaintiff's *Motion to Compel* (ECF No. 7) is **DENIED** as moot.

6.   Plaintiff's *Motion for Appointment of Counsel* (ECF No. 8) is **DENIED** without prejudice.

DATED: March 2, 2026.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**<u>NOTICE</u>**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District

Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.